ROBERT S. ARMSTRONG *vs.* SAMUEL T. LANDERS, JAMES KEEGAN and CHARLES MEGGINSON, Road Commissioners of New Castle Hundred.

*Assumpsit—Evidence—Book Entries—Parties Defendant— Non Suit.*

1. Charges made from day to day as the work was performed are original entries " regularly and fairly kept," although in another part of the book there are other entries without any statement as to what they are about. The entries not regularly and fairly made, not made for the purpose of charging the defendant, and not offered in evidence, cannot destroy the validity of that part of the book which is regular.

2. Suit being against three parties as road commissioners and it appearing at the trial that two of those persons are no longer commissioners but that in their places two other persons have been elected and are serving, and it also appearing that only one of the present commissioners was such all the time during the performance of the work sued for, a judgment against the persons sued would be nugatory, and a non suit will be entered.

(*December 12, 1898.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Harry Whiteman* for plaintiff.

*William S. Hilles* for defendants.

Superior Court, New Castle County, November Term, 1898.

ACTION of Assumpsit (No. 117, Sept. T., 1897) for work and labor done. Bill of particulars filed claiming a balance due, for services as road overseer for New Castle Hundred, of $381.25. Pleas, non-assumpsit, payment, set-off and statute of limitations.

At the trial, plaintiff testified that on or about April 2, 1891, he was employed by the above mentioned road commissioners as road overseer for said hundred at the rate of $1.50 per day for each man employed and $1.50 per day for each horse ; that he performed these services for about four years from the above mentioned date ; that at the expiration of the terms of two of the commissioners, on November 6th, 1894; namely, Keegan and

Megginson, Samuel Miller and John Jordan were elected as their successors and the new commissioners continued the plaintiff as overseer at the same rate of compensation and he so continued to act until April 2nd, 1895 ; that his entire services covered from January 17, 1893, up until March 13, 1895, and that the last payment on account was in June, 1895.

Plaintiff produced a book account, and after testifying that the charges therein were made during the evening of each day on which the service was performed, the book was offered in evidence as a book of original entries. On cross-examination by Mr. Hilles, the plaintiff stated that in another part of the book he kept a separate account, or kind of memorandum, of money he had received from the hundred and money he had not received and that the entries in said memorandum were made at various times subsequent to the transactions.

*Mr. Hilles* then objected to the admission of the book as a book of original entries "regularly and fairly kept." *Rev. Code, 799.*

SPRUANCE, J :—This book is offered by the plaintiff as a book of original entries to charge the defendants for certain work and labor and horse hire alleged to have been furnished by the plaintiff to defendants during the period covered by the bill of particulars in this case. The witness' attention being directed to those entries, he swears that the charges were made from day to day as the work was performed. That testimony brings them within the description of original entries "regularly and fairly kept." The counsel on cross-examination directs the attention of the witness to another part of the book which contains entries without any statement as to what they are about, commencing in 1887 and running down to 1895. These entries are not offered in evidence, and it is not contended that they were made at the time the transactions to which they relate occurred, or that they have anything to do with that part of this book which is offered in evidence.

*Mr. Whiteman* :—That is our position.

SPRUANCE, J :—These entries—not regularly and fairly

made, not made for the purpose of charging these defendants and not offered in evidence—cannot destroy the validity of that part of that book which is regular.

The only matter with which we are concerned is, whether the part of the book which purports to contain charges in reference to the subject of this action is regularly and fairly kept. We think it is, and therefore admit it—but exclude the part of the book containing the entries or memoranda not regularly made.

At the conclusion of plaintiff's testimony, Mr. Hilles for defendants, moved for a non suit, on the ground that the suit, which was brought September 2, 1897, was not against the road commissioners by whom the plaintiff was employed, namely against Messrs. Megginson, Keegan and Landers; neither are the two road commissioners who were elected for New Castle hundred on the 8th day of November last, and who are the present road commissioners for that hundred, made parties to the present action. Not being against the present officers of the county, no judgment could be collected against these officers and no mandamus could be issued against them, not being parties in any way. (*Sec. 12, pp. 494-5, Revised Code*).

SPRUANCE, J :—This suit is against Samuel T. Landers, James Keegan and Charles Megginson, road commissioners of New Castle hundred. It appears from the testimony that Mr. Jordan and Mr. Miller are no longer road commissioners for New Castle hundred, but that in their places two other persons have been elected and are now serving ; to wit : Mr. Greer and Mr. Kees. It further appears that Mr. Landers is the only party defendant here, who, all the time during the performance of this work, was a road commissioner.

The judgment that may be rendered in this case, is not a personal judgment against the defendants. As a general rule, there is no personal responsibility on the part of the individual commissioners to pay for work done by their order as road commissioners.

Supposing the suit to have been properly brought against the commissioners who were in office at that time, there has since

been a change in the membership. The defendants Keegan and Megginson are not now road commissioners, and have not now any power or control over the finances of the hundred—and a judgment against them would be nugatory.

On the other hand Greer and Kees, who with Landers are the road commissioners, and represent the hundred, have the right to be heard, and should have been made parties defendant in the place of Keegan and Megginson whose terms have expired.

There not being proper parties defendant against whom a valid judgment could be rendered, we direct a non-suit to be entered.